IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br><br><br>7) MARIO RIVAS,<br><br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CR. NO. EP-10-CR- Fm<br><br>**INDICTMENT**<br><br>[Violations:<br>21 U.S.C. § 848;<br>21 U.S.C. § 963;<br>21 U.S.C. § 846;<br>18 U.S.C. § 1956(h)]<br><br><br>EP10CR1563 |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[21 U.S.C. § 848 (b)(1) & (2)(A)]

Beginning on or about January 1, 2000, and continuing to on or about June 2, 2010, in the Western District of Texas, the Republic of Mexico, and elsewhere, the Defendants,

did engage in a continuing criminal enterprise, that is these **DEFENDANTS** conspired to distribute and to possess with intent to distribute more than 150 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 846 and conspired to import from the

Republic of Mexico to the United States more than 150 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 963, which were part of a continuing series of such violations, as alleged in Counts Two and Three, in which these **DEFENDANTS** were the principle administrators, organizers, and leaders of more than five (5) other persons participating in this continuing criminal enterprise, and that

obtained substantial income and resources from this continuing criminal enterprise.

All in violation of Title 21, United States Code, Sections 848(b)(1) & (2)(A).

## COUNT TWO
### [21 U.S.C. § 963]

Beginning on or about January 1, 2000, and continuing to on or about June 2, 2010, in the Western District of Texas, the Republic of Mexico, and elsewhere, the Defendants,

**(7) MARIO RIVAS,**

and other persons known and unknown to the Grand Jury, knowingly did combine, conspire, confederate, and agree together and with each other to import into the United States from the Republic of Mexico, a controlled substance, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Sections 952(a) and 960.

All in violation of Title 21, United States Code, Section 963.

# COUNT THREE
## [21 U.S.C. § 846]

Beginning on or about January 1, 2000, and continuing to on or about June 2, 2010, in the Western District of Texas, the Republic of Mexico, and elsewhere, the Defendants,

### (7) MARIO RIVAS,

and other persons known and unknown to the Grand Jury, knowingly did combine, conspire, confederate, and agree together and with each other to distribute and to possess with intent to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

# COUNT FOUR
## [18 U.S.C. § 1956(h)]

Beginning on or about January 1, 2000, and continuing to on or about June 2, 2010, in the Western District of Texas, the Republic of Mexico, and elsewhere, the Defendants,

**(7) MARIO RIVAS,**

knowingly combined, conspired, confederated, and agreed with each other and others known and unknown to the Grand Jury to commit offenses against the United States, that is, the **DEFENDANTS** conspired to commit money laundering by attempting the transportation of monetary instruments from a place in the United States to a place outside the United States, that is the Republic of Mexico, a) with the intent to promote the carrying on of specified unlawful activities; and b) knowing that the monetary instruments involved in the attempted transportation represented the proceeds of some form of unlawful activity and knowing that such attempted transportation was designed in whole or in part to conceal and disguise the nature of the proceeds of the specified unlawful activities, that is conspiring to distribute and to possess with intent to distribute a controlled substance, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 846

and conspiring to import from the Republic of Mexico to the United States a controlled substance, which offense involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 963, contrary to Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(a)(2)(B)(I).

In furtherance of this money laundering conspiracy, the Defendants committed, among others, the following overt acts:

## OVERT ACTS

1. On or about October 20, 2000, G.O., a money courier charged previously, attempted to transport drug proceeds in the amount of approximately $510,229 from

in Chicago, Illinois, to the Republic of Mexico, and specifically to J.C., a person who worked for and acted at the direction of

2. On or about November 19, 2002, G.F., a money courier, attempted to transport drug proceeds in the amount of approximately $221,863 from Chicago, Illinois, to the Republic of Mexico, and specifically to J.C., a person who worked for and acted at the direction of

3. On or about August 14, 2007, M.M., a money courier charged previously, attempted to transport drug proceeds in the amount of approximately $511,300 from Ohio to the Republic of Mexico, and specifically to J.F.M., a person who worked with

4. On or about August 28, 2007, P.M., a money courier charged previously, attempted to transport drug proceeds in the amount of approximately $502,210 from Indianapolis, Indiana, to the Republic of Mexico, and specifically to J.F.M., a person who worked with

All in violation of Title 18, United States Code, Section 1956(h).

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

JOHN E. MURPHY
UNITED STATES ATTORNEY

By: _____
JEFF PARRAS
Assistant United States Attorney

By: _____
GEORGE LEAL
Assistant United States Attorney